UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America

      v.                                      Crim. Action No. 2:14–cr–62–wks

Andre Rene Levesque

## REPORT AND RECOMMENDATION
(Docs. 69, 80)

      Andre Levesque, proceeding *pro se*, has moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, imposed for a violation of supervised release conditions. (Doc. 69.) The events giving rise to this Motion began in May 2014, when Levesque was arrested after making obscene and threatening phone calls to a Howard Center professional. (Presentence Report (PSR) at 6.) Levesque pled guilty to a stalking charge, in violation of 18 U.S.C. § 2261A(2) and 2261(b)(5), pursuant to a plea agreement with the government. (*Id.* at 4, ¶ 9; *see also* Doc. 32; Doc. 12 at 2.) Under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties stipulated that the appropriate term of imprisonment was time served. (PSR at 3, ¶ 8.) On March 7, 2016, Levesque was sentenced to imprisonment for a term of time served, followed by a one-year term of supervised release with special conditions. (Docs. 51, 52.)

      Just over a week later, on March 16, Levesque was arrested for an alleged violation of his supervised release conditions. (*See* Docs. 54, 57.) A final hearing regarding the revocation of Levesque's supervised release was held on July 25, 2016.

(Doc. 63.)  Levesque admitted to violating the condition of his supervised release that he answer truthfully the inquiries of a probation officer and follow probation officer instructions.  (Doc. 64 at 1; *see also* Doc. 54 at 2.)  He was sentenced to a seven-month term of imprisonment, with no further period of supervised release.  (Doc. 64 at 2.)

On August 9, 2016, Levesque filed a Notice of Appeal of the Judgment on Revocation of supervised release.  (Doc. 65.)  This appeal is currently pending before the United States Court of Appeals for the Second Circuit.  *See United States v. Allen*, Docket No. 16-2756 (2d Cir. Aug. 9, 2016) (appeal docketed).  The most recent filing in the Second Circuit was a letter filed by Levesque's attorney on December 28, 2016, informing the court of transcript delays.  *Id.*, ECF No. 34.  No brief or appendix has yet been filed with the Second Circuit.

Levesque filed the instant Motion on September 1, 2016, while the Second Circuit appeal remained pending, claiming that his sentence should be vacated.  (Doc. 69.)  Though Levesque's claims are largely indecipherable, in essence he appears to be asserting ineffective assistance of counsel claims against Assistant Federal Public Defender Steven Barth.  (*See generally id.*)  In response, the government has moved to deny or stay Levesque's Motion as premature, or, in the alternative, the government seeks an order from this Court directing Barth to file an affidavit responding to factual allegations in Levesque's Motion regarding his representation.  (Doc. 80.)  Levesque did not file a response to the government's Motion.  For the reasons set forth below, I recommend that Levesque's Motion be DENIED and the government's Motion be GRANTED to the extent it seeks to deny Levesque's Motion as premature.

## Discussion

A prisoner may challenge his conviction both on direct appeal and by collateral attack under 28 U.S.C. § 2255. *United States v. Vilar*, 645 F.3d 543, 546 (2d Cir. 2011). Section 2255 allows a federal prisoner to attack his sentence in the federal district court on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Although "there is no *jurisdictional* bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal," *United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002), the Second Circuit has held that typically the defendant must exhaust his direct appeal before applying for habeas relief, *Wall v. United States*, 619 F.3d 152, 154 (2d Cir. 2010) (per curiam). "[H]abeas petitions filed before the petitioner has exhausted his direct appeal are generally considered premature." *Id.* (citing *United States v. Dukes*, 727 F.2d 34, 41 (2d Cir. 1984)).

This approach is consistent with that of other circuits. *See, e.g.*, Rule 5, 28 U.S.C.A. foll. § 2255, Advisory Comm.'s Note to 1976 Adoption ("[T]he courts have held that . . . a [§ 2255] motion is inappropriate if the movant is simultaneously appealing the decision." (citing *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968); *Masters v. Eide*, 353 F.2d 517 (8th Cir. 1965))); *United States v. Weekes*, 611 F.3d 68, 71 (1st Cir. 2010) (holding that the district court should not review the merits of a § 2255 motion while direct appeal is pending, in the absence of extraordinary circumstances); *Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1999) (recognizing that "if . . . direct review is ongoing, . . . the commencement of a simultaneous § 2255 proceeding would be

3

inappropriate"); *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993) ("The well[-]established general rule is that, absent extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending."); *United States v. LaFromboise*, 427 F.3d 680, 686 (9th Cir. 2005) (noting that federal prisoners must exhaust appellate review prior to filing for habeas relief in the district court); *United States v. Prows*, 448 F.3d 1223, 1228 (10th Cir. 2006) (holding that though there is no jurisdictional bar to a district court reviewing a § 2255 motion while a direct appeal is pending, "it should only do so in extraordinary circumstances given the potential for conflict with the direct appeal").

Requiring a petitioner to first exhaust his direct appeal promotes judicial economy and ensures that the district court's adjudication of the § 2255 motion will not be made a "nullity" by the appellate court's decision. *Outen*, 286 F.3d at 632; *see also United States v. Allen*, No. 5:12–cr–115, 2014 WL 6872697, at *4 (D. Vt. Dec. 4, 2014) (adopting report and recommendation) ("Whether the interests of judicial economy weigh in favor of joint adjudication turns on whether a successful direct appeal would 'obviate' the need for the § 2255 motion and whether the '§ 2255 motion is more likely to succeed than [petitioner's] direct appeal.'" (quoting *Vilar*, 645 F.3d at 548)). Accordingly, federal district courts refrain from evaluating § 2255 motions while a direct appeal is pending, absent "extraordinary circumstances." *See, e.g.*, *United States v. Verdiner*, No. 2:08–CR–23–wks–jmc–4, 2011 WL 7111452, at *1–2 (D. Vt. Nov. 4, 2011), *report and recommendation adopted*, 2012 WL 256541 (D. Vt. Jan. 27, 2012); *Nuey v. United*

*States*, No. 06 Civ. 4367AKH, 2007 WL 465214, at *1 (S.D.N.Y. Feb. 9, 2007); *United States v. Abney*, Nos. 04-CR-6164L, 07-CV-6126L, 2007 WL 954732, at *1 (W.D.N.Y. Mar. 27, 2007); *see also Weekes*, 611 F.3d at 71; *Prows*, 448 F.3d at 1228; *Robinson*, 8 F.3d at 405.  For example, in *Abney*, the district court found that there were "no extraordinary circumstances that would warrant allowing defendant to pursue his § 2255 motion," where the defendant's notice of appeal had been recently filed, it was "not even clear what claims he intend[ed] to raise in his direct appeal," and there was "obvious potential for conflict between his appeal and his § 2255 motion."  2007 WL 954732, at *1.

Levesque has not demonstrated, and the Court cannot find, any extraordinary circumstances that would justify deciding Levesque's Motion while his direct appeal remains pending.  Like the defendant in *Abney*, it is entirely uncertain what claims Levesque will raise on appeal, especially in light of the fact that he has not yet filed a brief or appendix in the Second Circuit.  Furthermore, the result of his appeal could very well make this Court's "efforts on the § 2255 motion a nullity."  *Outen*, 286 F.3d at 632.  Accordingly, I recommend that Levesque's § 2255 Motion be DENIED without prejudice as premature, and that the government's Motion be GRANTED, to the extent it seeks to deny Levesque's Motion.

## Conclusion

For the reasons explained above, I recommend that Levesque's § 2255 Motion (Doc. 69) be DENIED, without prejudice to renew upon the completion of his direct appeal, and that the government's Motion (Doc. 80), to the extent it asks this Court to

deny Levesque's Motion as premature, be GRANTED.  Insofar as the government alternatively seeks an order directing defense counsel to provide an affidavit responding to Levesque's pleading, this portion of the Motion is DENIED as unnecessary.

Dated at Burlington, in the District of Vermont, this 29th day of December, 2016.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c).  Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision."  *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).