UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:14-cr-62 |
| | ) | |
| ANDRE RENE LEVESQUE | ) | |

**ORDER ADOPTING IN PART**
**REPORT AND RECOMMENDATION**
(Docs. 69, 80, 84)

In September 2016, Andre Rene Levesque, representing himself, moved under 28 U.S.C. § 2255 to vacate his sentence. (Doc. 69.) On March 7, 2016, he initially received a sentence of time served, followed by a one-year term of supervised release and, on July 25, 2016, subsequently received a sentence of seven months' imprisonment, with no further period of supervised release, imposed following his admission to violating a condition of his supervised release. (*See* Docs. 51, 52, 63, 64.) The case was automatically referred to United States Magistrate Judge John Conroy pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73(f). Levesque also filed a direct appeal to the Second Circuit Court of Appeals on August 9, 2016. (*See* Doc. 65.) The government moved to deny or stay Levesque's motion § 2255 as premature. (Doc. 80.)

On December 29, 2016, the Magistrate Judge issued a Report and Recommendation recommending the government's motion seeking denial of Levesque's motion as premature be granted and Levesque's motion be denied without prejudice. (Doc. 84.) Under Federal Rule of Civil Procedure 72, Levesque's objection was timely filed in January 2017. (Doc. 85.) On January 31, 2018, the Second Circuit dismissed Levesque's appeal for lack of subject matter jurisdiction because he had served his sentence. (Doc. 87.)

1

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405.

Judge Conroy determined that Levesque's motion was premature because "typically [a] defendant must exhaust his direct appeal before applying for habeas relief" and no "extraordinary circumstances . . . justify deciding Levesque's Motion while his direct appeal remains pending." (Doc. 84 at 3, 5.) He therefore recommended the court deny Levesque's motion and grant the government's motion to the extent it seeks to deny Levesque's motion as premature. (*Id.* at 5.)

Levesque filed a handwritten objection asserting that "there is some confusion" because his 2255 motion was filed to "appeal" the March 7, 2016 sentencing, and not his subsequent violation of supervised release, which led to the July 25, 2016 sentencing, presumably the subject of his August 2016 direct appeal. (Doc. 85 at 1.)

After careful review of the file, the Report and Recommendation, and Levesque's objection, this court accepts Magistrate Judge Conroy's recommendation in so far as he recommends that Levesque's motion be denied. A review of the Federal Bureau of Prisons Inmate Locator shows that Levesque was released from federal custody on November 15, 2017. Because Levesque has been released from federal custody, his 2255 motion is moot. *See Chevron Corp. v. Donziger*, 833 F.3d 74, 124 (2d Cir. 2016) (finding that a case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party") (emphasis and internal quotation marks omitted).

As the Magistrate Judge noted, the claims in Levesque's motion are "largely indecipherable." (Doc. 84 at 2.) In his objection, Levesque attempts to clarify that he is challenging his March 7, 2016 sentence. Because Levesque's appeal has been dismissed, the recommendation to deny his current motion because the appeal was pending is no longer applicable. However, because Levesque has now been released from federal custody, and is not serving a supervised release term, "the Court can no longer provide the relief sought . . . [and] the petition must be dismissed as moot." *United States v. Hey*, No. 5:14-cr-28, 2016 WL 8849759, at *4 (D. Vt. Dec. 12, 2016). Although Levesque was "in custody" for purposes of the jurisdictional custody requirement of 28 U.S.C. § 2255 at the time he filed his motion in September 2016, *see Scanio v. United States*, 37 F.3d 858, 860 ("the habeas corpus statute confers jurisdiction to district courts to entertain habeas petitions for relief solely from persons who satisfy the status or condition of being 'in custody' at the time the petition is filed), and even if his challenge is to the March 7 sentence of a one-year term of supervised release, his motion has been mooted by his release from federal custody, including his supervised release term, *see id.* ("a petitioner under supervised release may be considered 'in custody'"). Levesque's claims are moot because the court cannot afford Levesque the relief he seeks, namely that the court vacate his March 7, 2016 sentence of a one-year term of supervised release, because that sentence was revoked on July 25, 2016, and no federal sentence remains.[1]

For these reasons, the Report and Recommendation (Doc. 84) is ADOPTED IN PART: Levesque's § 2255 motion (Doc. 69) is DENIED. The government's motion to stay or deny as premature Levesque's motion (Doc. 80) is DENIED AS MOOT.

---

[1] A challenge to his July 25, 2016 sentence would also be moot because he has served the entire sentence of imprisonment and no supervised release term remains. *See Guzman v. United States*, No. Crim. 1036, 2007 WL 1821698, at *1 (S.D.N.Y. June 26, 2007) (holding § 2255 motion moot when defendant served his full prison sentence).

The court declines to issue a certificate of appealability, which may issue in a § 2255 proceeding "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a movant meets this burden by demonstrating that "reasonable jurists could debate whether . . . the [motion] should have been resolved in a different manner or that the issues presented [a]re adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Levesque has not made this showing, and thus the court will not issue a certificate of appealability.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 26th day of September, 2019.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge